

# The Attorney General of Texas

February 22, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Gibson D. Lewis
House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. H-1125

Re: Dues checkoffs by employees of Tarrant County Hospital District.

Dear Mr. Lewis:

You have requested our opinion concerning the authority of the Tarrant County Hospital District to deduct union dues from an employee's pay check at his request. Tarrant County Hospital District is governed by article 4494n, V.T.C.S., section 5 of which provides in part:

> The Commissioners Court shall appoint a Board of Hospital Managers ..., whose duties shall be to manage, control and administer the hospital or hospital system. . . .
>
> The administrator . . . shall supervise all of the work and activities of the District, and have general direction of the affairs of the District, within such limitations as may be prescribed by the Board.

Thus the Board of Managers and the Administrator are given broad authority over the operation of a hospital district. See Attorney General Opinion WW-904 (1960). The powers of a district " 'are measured by the terms of the statutes which authorized their creation, and they can exercise no authority that has not been clearly granted by the legislature.' " Lower Nueces River Water Supply District v. Cartwright, 274 S.W.2d 199, 207 (Tex. Civ. App. — San Antonio 1954, writ ref'd n.r.e. quoting from Tri-City Fresh Water Supply Dist. No. 2 v. Mann, 142 S.W.2d 945, 948 (Tex. 1940)); Attorney General Opinion C-660 (1966). This rule has been applied to limit the types of services which may be provided by a hospital district. Attorney General Opinions H-31 (1973), M-256 (1968). However, in our view section 5 of article 4494n provides general authority to the Board of Managers and the Administrator to direct the authorized services of the district. See Attorney General Opinions H-1087 (1977); M-1255 (1972); M-261 (1968); C-759 (1966).

Prior to the adoption of article 2372h-4, V.T.C.S., which permits certain counties to make payroll deductions at an employee's request for labor union

and employee association dues and for credit union savings plans, this office had indicated that a commissioners court was without power to authorize such deductions.   Attorney General Opinions M-334 (1969); WW-1107 (1961).   Those opinions, however, were based on the constitutional limitations on the authority of commissioners courts and are not controlling here.   In our opinion a dues checkoff program at the request of its employees can be instituted by the Board of Managers or the Administrator under the authority provided in section 5 of article 4494n.

## SUMMARY

Hospital districts created pursuant to article 4494n may institute a dues checkoff program for their employees.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst